IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADRIAN L. JOHNSON,

    Plaintiff,

v.                                        CIV 98-432 MV/KBM

DON MEDINA, Director of Corrections
Corporation of America, in his Individual
Capacity,

    Defendant

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on the remaining Defendant's Motion for Summary Judgment, Plaintiff's "Objections" to the *Martinez* Report being under seal, and Plaintiff's Motion For Extension *(Docs. 27, 31, 32)*. For the reasons that follow, I recommend that the District Judge grant Defendant Medina's motion and enter judgment dismissing the remaining claims with prejudice.

This case was filed in April 1998 and arises out of an incident in which Plaintiff was stabbed in the face and arm by fellow inmates. He alleged that prison officials knew "knives" had been stolen from the kitchen and did not do enough to recover them. He further asserted that correctional officers were inadequately trained to respond to the resulting altercation.

Following its November 1998 *sua sponte* review of the Complaint, the Court dismissed all claims against the defendants *except* those against Defendant Medina, named as the Director of the Corrections Corporation of America, which were brought against him in his individual capacity. In January 1999, Defendant Medina answered and moved to have the remaining claims

against him dismissed on the basis that Plaintiff had not sufficiently alleged Medina's "personal involvement" in the underlying events. The motion was denied primarily because "personal involvement" could be premised in Plaintiff's allegations that Defendant Medina, as CCA Director, "knew" of the missing knives and possessed the ultimate supervisory capacity to assure that they were recovered. *See Docs. 22, 25.* Thus, a *Martinez* report was ordered on issues of failure to protect and train.

Now, twenty-one months after this case was commenced, Defendant Medina has moved for summary judgment "because he is not and never has been the 'Director of CCA'" and has been mistakenly named as such. For the first time, Medina reveals that he was the supervisor of Health Services, the department of the facility that treated Plaintiff for his stab wounds, at the time of the incident. *Doc. 27, Ex. A*. In his affidavit, Medina further testifies that he had no knowledge of the incident other than that obtained from the "medical care provided" to Plaintiff. Plaintiff asserts he was told on two occasions that Medina is the Director. *Doc. 32, Ex. A*. The Court will assume that is true. However, even if Plaintiff was intentionally misled about the identity of the facility's Director, it is insufficient to create an issue of fact and defeat the motion for summary judgment in this case. Clearly, Defendant Medina is entitled to summary judgment and has been so entitled from the beginning of this lawsuit.

Counsel for Medina expressly asserts that the defense does not "concede that plaintiff states a claim against the actual Director or Warden of TCDF" and contends that such an official "would not be a proper party to this lawsuit." *Doc. 28 at 2*. The Court has previously found, however, that Plaintiff's factual allegations, if true, could support a viable claim against an official with ultimate supervisory authority who had actual knowledge of a substantial risk of injury to

2

prisoners under his charge and, with deliberate indifference, failed to adequately address the danger. In his motion for an extension, Plaintiff requests an opportunity to conduct discovery in order to identify the correct party.

Thus, it is arguably appropriate to consider whether Plaintiff should be permitted to amend his complaint to name the actual director or warden during the relevant period.[1] Nevertheless, amendment will only be permitted if it is not futile. Although it is unnecessary to refer to the sealed *Martinez* report to decide the motion at bar, in the interests of efficiency the Court has reviewed that document *in camera*. I find that prison officials and corrections officers did not disregard the risk posed when it was discovered sandwich spreaders were missing from the kitchen. Instead, they responded by repeatedly searching for them, as well as conducting searches generally, and that their conduct does not support a finding of a constitutional violation. Accordingly, permitting any amendment to allow Plaintiff to name the proper party would be futile.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT:**

1. Defendant Medina's Motion for Summary Judgment *(Doc. 27)* be GRANTED;

2. Plaintiff's "Objections" to the *Martinez* Report being under seal *(Doc. 31)* be OVERRULED;

3. Plaintiff's Motion For Extension *(Doc. 32)* be DENIED; and

---

[1] In order to amend, Plaintiff would be required to show that the actual warden or director had notice of the proceeding, would not be prejudiced in maintaining a defense on the merits and "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." FED. R. CIV. P. 15(c).

4. This action be DISMISSED WITH PREJUDICE.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE